Below is an Opinion of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                              )  Bankruptcy Case
                                    )  No. 08-35276-rld7
CONCRETIZE, INC.,                   )
                                    )
                    Debtor.         )
_____)
                                    )
CONCRETIZE, INC., an Oregon         )  Adv. No. 09-03312-rld
corporation,                        )
                                    )  MEMORANDUM OPINION
        v.                          )
                                    )
FIRESHIELD, INC., a Washington      )
corporation, ANDREW MOREN and       )
ROBERT MOREN,                       )
                                    )
                    Defendants.     )
_____)
```

On September 23, 2009, shortly before its bankruptcy case closed, former chapter 7[1] debtor Concretize, Inc. ("Concretize") filed an adversary proceeding complaint ("Complaint") against Fireshield, Inc.,

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Page 1 - MEMORANDUM OPINION

Andrew Moren and Robert Moren (collectively, "Defendants") for an alleged willful violation of the automatic stay under § 362(a). The Complaint requested relief "pursuant to § 362(k) and § 105." On September 28, 2009, the Defendants moved to dismiss ("Motion to Dismiss") the Complaint pursuant to Rule 7012 and Fed. R. Civ. P. 12(b)(6) on the basis that Concretize was not entitled to the relief sought in the Complaint. Thereafter Concretize filed a response ("Response") to the Motion to Dismiss, and Defendants filed a reply to the Response. I heard argument from counsel for the parties at a hearing ("Hearing") on November 17, 2009.

Following argument and discussion with counsel at the Hearing, I advised the parties that I would grant the Motion to Dismiss based upon Concretize's failure to state a claim in the Complaint on which relief could be granted. In this Memorandum Opinion, I elaborate on the reasons for granting the Motion to Dismiss.

Section 362(k)(1) provides that "an <u>individual</u> injured by any willful violation of a stay provided by [§ 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (Emphasis added.) The term "individual" is not defined in the Bankruptcy Code. While there is a split among the circuits, the Ninth Circuit, consistent with the Second Circuit, has determined that a corporation is not an "individual" for purposes of § 362(k) and consequently cannot prosecute a claim for relief in an adversary proceeding under § 362(k). See <u>Johnson Envtl. Corp. v. Knight (In re Goodman)</u>, 991 F.2d 613 (9th Cir. 1993); <u>United States v. Arkison (In re Cascade Roads, Inc.)</u>, 34 F.3d 756, 766-67 (9th Cir. 1994).

Page 2 - MEMORANDUM OPINION

> We conclude that the Second Circuit's determination in Chateaugay is correct: "individual" means individual, and not a corporation or other artificial entity. The Fourth and Third Circuit's analysis is inconsistent with the principles of statutory construction set forth by the Supreme Court in Ron Pair. Chateaugay, Prairie Trunk, and MCEG Productions set forth a persuasive analysis of the issue, which is consistent with Ron Pair. The Second Circuit's reasoning, which we adopt, is as follows:
>
> We have not located any legislative history to suggest that § 362[(k)] was meant to apply to "persons," rather than being confined to "individuals." The section was added as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, 352, 1984 U.S. Code Cong. & Admin. News (98 Stat) 333, 352 (1984). There is no published legislative history suggesting the possibility of a drafting error or other inadvertence. Appellee conceded during oral argument that there is no legislative history showing that the section was meant to apply to "persons." Therefore, this is not one of those "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." Ron Pair Enterprises, Inc., 109 S. Ct. at 1031 (brackets in original).

Goodman, 991 F.2d at 619.

At the Hearing, counsel for Concretize recognized the authority of Goodman and offered to amend the Complaint to delete the reference to § 362(k) as authority to pursue the claim for relief stated in the Complaint. However, counsel for Concretize further argued that § 105(a) provided alternative authority to support the claim as seeking relief for civil contempt.

Section 105(a) provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." The use of the word "provisions" rather than "purposes" in § 105(a) suggests that its authority is limited to

implementing other provisions of the Bankruptcy Code rather than existing as an independent substantive authority.

> While the bankruptcy courts have fashioned relief under Section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.

United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986).

In an analogous situation, the Ninth Circuit determined that Congress did not create a private right of action for damages for violation of the discharge injunction provided for in § 524 and affirmed the dismissal of the debtor's class action complaint, holding that "a private cause of action is not available under § 524, or through § 105." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 504 (9th Cir. 2002) (emphasis added). The Ninth Circuit further concluded that violations of § 524 "may not independently be remedied through § 105 absent a contempt proceeding in the bankruptcy court." Id. at 506.

The Federal Rules of Bankruptcy Procedure provide that contempt proceedings before a bankruptcy court are contested matters that must be initiated by motion in the main bankruptcy case. See Rules 9020 and 9014. Parties such as Concretize cannot use the bankruptcy court's contempt authority under § 105(a) to create and pursue a claim for relief in an adversary proceeding if the underlying claim upon which the adversary proceeding is commenced is not otherwise provided for in the Bankruptcy Code. Consequently, I conclude that Concretize has not stated a claim under § 362(k) or § 105(a) in its Complaint upon which relief can

Page 4 - MEMORANDUM OPINION

be granted, and the Defendants' Motion to Dismiss is well taken.

Based on the foregoing analysis of the issues presented in the Complaint and the Motion to Dismiss, I find that the Motion to Dismiss should be granted. I will enter an order consistent with this Memorandum Opinion contemporaneously.

# # #

cc: Anita G. Manishan
Douglas P. Cushing
Joel B. Ard